HAROLD W. GRUBART, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grubart v. Commissioner
Docket No. 2800-78.
United States Tax Court
T.C. Memo 1979-409; 1979 Tax Ct. Memo LEXIS 114; 39 T.C.M. (CCH) 283; T.C.M. (RIA) 79409; September 27, 1979, Filed Harold W. Grubart, pro se. Joan Ronder Domike, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: On April 14, 1978, respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition was not filed within the 90-day statutory period prescribed by sections 6213(a) [1] and 7502. Petitioner timely filed written objections to such motion and a hearing was held on the motion in New York, New York, on October 16, 1978.
Respondent determined a deficiency in income tax due from petitioner for the taxable years 1972 and 1973 in the amounts of $3,371.84 and $17,981.01 *116 respectively, and additions to tax for those years of $1,685.92 and $8,990.50 respectively, based on the fraud provisions of section 6653. Respondent notified petitioner by a statutory notice of deficiency mailed to petitioner by certified mail on November 23, 1977. FINDINGS OF FACT The period provided by section 6213(a) [2] during which petitioner could timely file a petition with this Court expired on February 21, 1978, which was not a legal holiday within the District of Columbia. *117 On March 17, 1978, the petition herein was filed 114 days after the mailing of the notice of deficiency. It had been mailed by regular mail from New York, New York, on March 13, 1978. A petitioner for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to the taxpayer. Section 6213. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. . . The date of the actual receipt by this Court of the petition in this case was March 17, 1978, which was 114 days after the mailing of the notice of deficiency. Therefore, petitioner is relying on section 6212(b)(1) [3] to establish that the deficiency was not mailed to his "last known address," within the meaning of that section. *118 OPINION Under section 6212(b)(1), a statutory ntice of deficiency will be sufficient if mailed to the taxpayer's last known address. The "last known address" is the last known permanent address or legal residence of a taxpayer, or last known temporary address of a definite duration or period to which all communication (by the Commissioner) during such period should be sent. , , F. Supp. (1944). The purpose of the statutes dealing with notice of deficiency has previously been described as being "to give the taxpayer ntice that the Commissioner means to assess a deficiency tax against him and to give him an opportunity to have such ruling reviewed by the Tax Court before it becomes effective." , revg. a Memorandum Opinion of this Court. The last known address issue was not raised by petitioner in his petition, although he did assert that the statute of limitations barred recovery (presumably because he had not received *119 "actual notice"). However, in response to respondent's motion to dismiss for lack of jurisdiction, petitioner, in a "Memorandum of Law" in opposition to respondent's motion, and in support of petitioner's motion to dismiss, stated: The petitioner alleges that he did not receive the subject notice of deficiency although he resides at 155 East 38th Street, New York City, but that same came to his attention only accidentally in the early part of February 1978 while he was unpacking his furnishings in his new apartment, after having removed from his former apartment. * * * From the record it appears that the deficiency notice was sent to petitioner's legal residence, 155 East 38th Street, New York, New York. However, petitioner had used his business address, 9 East 46th Street, New York New York, as his address for the taxable years at issue herein, as he had for numerous other years. Hence, petitioner claims, the notice of deficiency was not sent to his last known address. Petitioner asserts that: It cannot be denied [by respondent] that the 90-day letter was not sent to petitioner's last known address, i.e., 9 East 46th Street, New York City 10017, where he had maintained *120 his office for a period of almost 40 years. * * * We find petitioner's argument, although original, to be totally without merit. First, we find that where the taxpayer, in his petition or on brief, states that he resided at the address to which the statutory notice was sent, he can hardly complain that the notice was not mailed to the taxpayer at his last known address. See , 9 Mertens, Law of Federal Income Taxation, section 50.11 (rev. 1977). Petitioner places great emphasis on the fact that he found the deficiency notice only after unpacking during a move from his personal residence. However, he ultimately admitted that the address of his personal residence is still the same--155 East 38th Street, New York, New York--because he merely moved from one apartment to another in the same building. Hence there could have been no delay in the mails due to a change of address. Petitioner also surmised that the deficiency was mislaid by a maid or household member and thus argues that he should not be held accountable for not receiving personal, actual notice of the deficiency. Petitioner is an attorney, and *121 surely must realize the necessity of keeping both business and personal records in order. It is clear that the statutory notice arrived at his personal residence, while he was residing there, by certified mail, and this is sufficient to constitute notice for purposes of the statute. "Actual" notice of a subjective, personal nature is not required, and would render the statute impossible to administer. In addition, petitioner relies heavily on his assertion that the telephone calls regarding the audit by the Commissioner were made to and from his business phone at his business address, and that numerous other communications from the Commissioner were sent to that address. However, it is well understood that there may be more than only one correct "last known" address upon which the Commissioner may reasonably rely. In , affg. a Memorandum Opinion of this Court, cert. denied , the Commissioner had two addresses for the taxpayer, both of which were equally suitable. In speaking of the purpose of section 6212(b)(1), the court stated: Section 6212(b)(1) was intended to apply *122 only in situations where the Secretary did not have the taxpayer's correct address because of the failure or inability of the taxpayer to notify him of a change. This section was enacted to protect the Secretary in this circumstance and is not a sword to be used by the taxpayer. The language "shall be sufficient" is the first key to this analysis. It immediately suggests that although other means may be equally suitable and, perhaps, even better, the Government is protected if the notice is sent to the last known address. * * * [. Emphasis added.] Thus, there may be more than one address which the Commissioner may reasonably believe is an address where the taxpayer will receive the notice of deficiency. In the instant case, petitioner himself used his personal residence address in at least one of his communications with respondent. Petitioner's consent form fixing the period of limitation upon assessment of income tax was mailed to the Commissioner in an envelope bearing a postmark of September 28, 1976 and a return of address of 155 East 38th Street, petitioner's personal residence. In addition on the *123 consent form itself, signed by petitioner on or about September 24, 1976, petitioner gave his personal residence address as his address. From these instances, we find that respondent was reasonable in mailing a notice of deficiency to petitioner's personal address, even though it was not the address given on his Federal income tax returns for the years in issue. As stated in , "It might have been reasonable for [the Commissioner] to adopt a different course * * * but surely it must be recognized that there was reason for the course that he adopted." . Although petitioner herein apparently did not learn of the asserted deficiency until after the 90-day statutory period had expired, that was clearly the result of his own negligence or carelessness. Both parties cite numerous cases to support their respective positions, and, indeed, there is a myriad of cases concerning a taxpayer's "last known address." However, none of the cases we found are exactly on point. To hold, in effect, that the Commissioner must choose, and choose correctly, from several of what he knows, *124 or has reasonable basis to believe, to be taxpayer's actual addresses (such as taxpayer's home and business addresses), would place an undue administrative burden upon the Commissioner, and result in an absurd application of the last known address statutory standard. [4]
Accordingly, respondent's motion will be granted and, An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years at issue herein, unless otherwise provided.↩
2. SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. (a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.--Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the lat day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by sutitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.↩
3. SEC. 6212. NOTICE OF DEFICIENCY. * * *
(b) ADDRESS FOR NOTICE OF DEFICIENCY.-- (1) INCOME AND GIFT TAXES AND TAXES IMPOSED BY CHAPTER 42.--In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, or chapter 42, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence. (2) JOINT INCOME TAX RETURN.--In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary or his delegate has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address. (3) ESTATE TAX.--In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by chapter 11, if addressed in the name of the decedent or other person subject to liability and mailed to his last known address, shall be sufficient for purposes of chapter 11 and of this chapter.↩
4. Indeed, in the instant case, petitioner's personal address, despite his move within the building, had remained the same, and his business address had since changed.↩